FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS ANDRE PEREZ,<br><br>                              Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON,<br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>AIRWAY HEIGHTS CORRECTIONS<br>CENTER, JAMES KEY, and<br>ANDREA PORTER,<br><br>                              Defendants. | No.  2:24-CV-00022-MKD<br><br>ORDER GRANTING JUDGMENT<br>ON THE PLEADINGS AS TO<br>STATE DEFENDANTS AND<br>DENYING AS TO DEFENDANT<br>ANDREA PORTER<br><br>**ECF Nos. 36, 37** |

Before the Court is Defendants the State of Washington, Washington State

Department of Corrections, Airway Heights Corrections Center, and James Key's

(the "State Defendants") Motion for Judgment on the Pleadings, ECF No. 36, and

Defendant Andrea Porter's Joinder to the State Defendants' motion, ECF No. 37.

The Court held a hearing on May 2, 2025.  ECF No. 47.  Douglas Phelps

represented Plaintiff.  Brandon Slaven represented the State Defendants.  Troy

ORDER - 1

Nelson represented Defendant Porter. The Court has reviewed the record, heard from counsel, and is fully informed. For the following reasons, the Court grants judgment on the pleadings as to the State Defendants and denies judgment on the pleadings as to Defendant Porter.

## BACKGROUND

Plaintiff alleges the following in his Complaint. *See* ECF No. 1-7. Plaintiff was an inmate in the custody of Defendant Airway Heights Corrections Center and resided in the R-Unit. *Id.* at 2 ¶¶ 2.1, 2.3. Defendant Porter was assigned to this unit while Plaintiff resided there. *Id.* at 2 ¶ 2.3. In 2017, Plaintiff was moved to the L-Unit and did not see Defendant Porter again until 2018. *Id.* at 3 ¶ 2.4. When Plaintiff saw Defendant Porter again in 2018, he informed her that he was working in the kitchen. *Id.* at 3 ¶ 2.5. Defendant Porter told Plaintiff that she had put in a bid to work in the kitchen, and she began working there in 2019. *Id.* at 3 ¶¶ 2.5-2.6.

While working in the kitchen, Plaintiff and Defendant Porter worked closely together. *Id.* at 3 ¶ 2.6. Defendant Porter would discuss her personal life, relationships, sex, and other inappropriate topics with Plaintiff. *Id.* In 2020, at Defendant Porter's suggestion, Plaintiff changed his job role and days off to spend more time with her. *Id.* at 3 ¶ 2.7.

ORDER - 2

On or about November 11, 2020, Defendant Porter escorted Plaintiff into a fridge cooler, where she sexually assaulted him. *Id*. at 3 ¶ 2.8.  Defendant Porter told Plaintiff that if anyone found out about the interaction he would be placed in segregation and would not be released.  *Id*. at 3 ¶ 2.9.  Defendant Porter further indicated that she would "blow her head off" if she went under investigation.  *Id.* Plaintiff did not report the assault.  *Id.*

Defendant Porter continued to sexually assault Plaintiff nearly forty times, until his release on March 17, 2021.  *Id*. at 3 ¶ 2.10.  Plaintiff did not report any subsequent assault because he was still afraid that he would lose his freedom, not be released, or that Defendant Porter would die by suicide.  *Id*.  Defendant Porter also approached Plaintiff for help selling drugs inside the Airway Heights Corrections Center.  *Id.*

On or about April 1, 2021, following Plaintiff's release from custody, Defendant Porter contacted Plaintiff on TikTok to ask for his cell phone number. *Id*. at 3 ¶ 2.11.  Defendant Porter then called Plaintiff and threatened to commit suicide.  *Id.*  Plaintiff believed the threat was genuine because he heard her cock a gun during the call.  *Id.*

From April 1, 2021, to October 31, 2021, Plaintiff and Defendant Porter were in an intimate relationship.  *Id*. at 4 ¶ 2.12.  Plaintiff makes note of Defendant Porter's behavior throughout their relationship, to include pointing a gun at

Plaintiff and threating to kill him on ten occasions and pointing a gun at her own head and threatening to commit suicide on thirty occasions. *See id.* at 4 ¶¶ 2.13-2.18.

On December 8, 2021, Plaintiff was again taken into custody. *Id.* at 4 ¶ 2.19. At an unspecified Indeterminate Sentence Review Board meeting, the Board told Plaintiff to file a Prison Rape Elimination Act ("PREA") investigation. *Id.* Plaintiff filed a PREA petition in 2021, which has not been investigated or referred to an outside investigative agency. *Id.* at 4 ¶ 2.21.

Plaintiff filed the instant Complaint on November 1, 2023, asserting 42 U.S.C. § 1983, Eighth Amendment, Fourteenth Amendment, and negligence claims against all Defendants and a negligent supervision claim against Defendants Key, Airway Heights Corrections Center, and Washington State Department of Corrections. ECF No. 1-7. The State Defendants moved for judgment on the pleadings as to all claims on January 8, 2025. ECF No. 36. Defendant Porter filed her "joinder" to the State Defendants' motion on January 9, 2025. ECF No. 38.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion to dismiss. *U.S. ex rel.*

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

"A judgment on the pleadings is properly granted when, taking all the allegations

in the non-moving party's pleadings as true, the moving party is entitled to

judgment as a matter of law." *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642

(9th Cir. 2016) (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th

Cir. 1999)).

## DISCUSSION

The State Defendants move for judgment on the pleadings, principally

contending that Plaintiff's Section 1983 claims fail as a matter of law as asserted

against Defendants the State of Washington, the Washington Department of

Corrections, and Airway Heights Corrections Center and are unsupported by

sufficient factual allegations as asserted against Defendant Key; and that Plaintiffs'

state law claims are unsupported by sufficient factual allegations.  Defendant

Porter filed a non-substantive joinder to the State Defendants' motion.  The Court

discusses each in turn.

### A. State Defendants

#### i.     *Federal Claims*

In his 42 U.S.C. § 1983 claim, Plaintiff alleges the State Defendants "caused

or failed to prevent injury" to Plaintiff in violation of the Eighth Amendment and

the Fourteenth Amendment.  ECF No. 1-7 at 5-6.  Plaintiff's Section 1983 claims

against Defendants the State of Washington and Airway Heights Corrections Center are not cognizable, however, because states and state agencies are not "persons" subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Plaintiff's Section 1983 claims against Defendant Key, in his individual capacity, are unsupported by sufficient factual allegations. As to Plaintiff's Eighth Amendment claim, Plaintiff does not sufficiently allege that Defendant Key was deliberately indifferent to a substantial risk of serious harm, as is necessary to state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[ ] of and disregard[ ] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff has alleged no facts showing Defendant Key acted with deliberate indifference to Plaintiff's safety.

As to Plaintiff's Fourteenth Amendment claim, Plaintiff proffers only insufficient legal conclusions. *See* ECF No. 1-7 at 6 ¶5.22 (stating Defendant Key's "fail[ure] to investigate [Plaintiff's] PREA claim violat[ed] [Plaintiff's] 14th Amendment right to equal protection and due process."). "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff alleges no facts that, if true, would indicate Defendant Key acted with the intent and purpose to discriminate against Plaintiff based upon membership in a protected class, or that Defendant Key purposefully treated Plaintiff differently than similarly situated individuals without any rational basis for the disparate treatment, *see, e.g.*, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (standard for Fourteenth Amendment equal protection claim), or that would indicate Plaintiff was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures, *see, e.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (standard for Fourteenth Amendment due process claim).

The Court thus dismisses these claims with prejudice. *See Cambron v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1146 (D. Haw. 2013) ("Dismissal with prejudice is appropriate only when the complaint cannot be saved by amendment.") (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).[1]

---

[1] At the hearing, the Court inquired as to whether additional factual allegations existed but were not pled. Plaintiff's counsel did not indicate Plaintiff had further factual allegations in support of these causes of action.

ORDER - 7

### ii. State Law Claims

Plaintiff asserts negligence and negligent supervision claims against the State Defendants, alleging the State Defendants failed to adequately supervise Defendant Porter and failed to adequately investigate Plaintiff's PREA claim. ECF No. 1-7 at 6-7. The State Defendants seek dismissal of both claims, contending Plaintiff's Complaint, among other reasons, lacks sufficient factual allegations that, if true, would indicate the State Defendants' actions and inactions were the proximate cause of Plaintiff's injuries.

Both claims are factually insufficient. Plaintiff appears to rest his negligence claim on the State Defendants' failure to conduct a PREA investigation. *See id.* at ¶ 6.24. In conclusory fashion, Plaintiff argues this failure to investigate was "outrageous and egregious." *Id*. Yet Plaintiff proffers no facts that causally connect the alleged failure to conduct a PREA investigation with Defendant Porter's actions. Indeed, as Plaintiff's counsel conceded at the hearing, Plaintiff does not allege that Defendant Porter's actions continued *after* Plaintiff filed his PREA claim.

Plaintiff's negligent supervision claim fails for a similar reason. As the State Defendants correctly argue, Plaintiff "fails to allege facts that support an assertion that the State Defendants' failure to supervise was the proximate cause of the injuries and not the alleged separate acts of an employee." ECF No. 36 at 12.

Plaintiff's conclusory allegations are insufficient to state a valid negligent supervision claim.

The Court thus dismisses these claims with prejudice. *See* <u>Cambron,</u> 945 F. Supp. 2d at 1146.

**B. Defendant Porter**

As discussed at the hearing, counsel for Defendant Porter concurred with the Court's assessment that the State Defendants had not argued on behalf of Defendant Porter and that Defendant Porter had not proffered any facts or argument supporting the dismissal of any claims against Defendant Porter. Accordingly, the Court denies Defendant Porter's joinder to the State Defendants' motion.

**CONCLUSION**

For the reasons stated above, the Court grants the State Defendants' motion for judgment on the pleadings and denies Defendant Porter's joinder motion for judgment on the pleadings.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The State Defendants Motion for Judgment on the Pleadings, **ECF No. 36**, is **GRANTED**.

2.  Plaintiff's claims against the State Defendants are **DISMISSED**.

3.  Defendant Porter's joinder, **ECF No. 37**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, and provide copies to the parties.

DATED June 18, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE